BOARD OF SUP'RS OF HARRISON COUNTY *v.* GULLY.

[In Banc. No. 21049.]

1. COUNTIES. *Order for contract for abstracts of title need not recite opinion of board that necessity exists.*

Under section 320, Code of 1906 (section 3693, Hemingway's Code), providing that, "when in its opinion the interest of the county would be subserved thereby," the board may procure by purchase of or have made an abstract of titles to land in the county, it is not jurisdictional to recite in the order the opinion of the board that such necessity exists. Jurisdictional facts must be recited, but a mental state or an opinion need not be recited.

2. COUNTIES. *Plans and specification need not be filed under contract for making county abstract of title.*

Under section 320, Code of 1906 (section 3693, Hemingway's Code), authorizing the board of supervisors to purchase or have made an abstract of title to lands in the county, it is not necessary to file with the clerk plans and specifications under section 361, Code of 1906 (section 3734, Hemingway's Code); the making of abstracts involving personal skill and confidence does not come within the purview of that section.

APPEAL from chancery court of Harrison county.

HON. W. M. DENNY, JR., Chancellor.

Suit by George S. Gully against the Board of Supervisors of Harrison County for an injunction. From a decree overruling defendant's demurrer, it appeals.

*Mize & Mize,* for appellant.

Section 320, Code of 1906, is as follows: "The board of supervisors of any county may, when in its opinion the interest of the county would be subserved thereby, procure, by purchase or have made, a complete abstract of title to land in the county, and may provide all books necessary for the purpose, and the costs thereof shall be paid out of the county treasury. Such abstracts, when purchased or made, shall be kept in the office of the chancery clerk as a public record."

The board of supervisors, in pursuance of this statute, passed an order for the purchase of an abstract of titles of land in the county, but omitted to state in said order that, in its opinion, the interests of the county would be subserved thereby. In all other respects there is no objection to the order.

Objection is made by appellee to the order because the board failed to express in the order that, in its opinion, the interests of the county would be subserved by the purchase of such abstract; that this is jurisdictional and makes the order null and void, as all jurisdictional facts must appear of record. However, we say that this language applies to a mental operation of the board, which need not be expressed in the order. In other words, jurisdictional facts mean affirmative facts. Whenever a statute lays down a number of things that must be done before the board of supervisors can pass an order, the order must recite that all the things required to be done by the statute were done; but it is not necess-

ary for the board to place its mental operation of record to make the order valid.

Further objection to the order is made on the ground that no plans and specifications of the kind and nature of the abstract were made and filed, and this was in violation of section 361 of the Code of 1906.

We do not think that this section applies to purchase of an abstract, as the procuring of an abstract is not the kind of public work contemplated by said section; as nobody but a lawyer or person trained in the work can make an abstract and a, lawyer has to certify to an abstract, and it would be against the ethics of the legal profession to permit attorneys to compete by advertisement in such work. As to the index to the family names, we respectfully submit that it is a mighty good thing, and we think the board ought to have the right to install such index.

As to the contention that the revenue of the county is not sufficient to pay for the purchase of such abstract there is no allegation in the bill of complaint that the board of supervisors is without authority to levy for the needed funds; and, as the board holds the purse strings of the county, it has the right to raise revenue, if it so desires, as long as it is within legal limits, and there are no allegations in the bill of complaint that if the board had to raise the revenue to purchase said abstract it would not exceed its legal limitations in so doing.

We respectfully submit that the injunction granted in this cause should be dissolved.

*Griffith & Wallace,* for appellees.

Taking up first the order or alleged order of the said board of supervisors with reference to what they term a complete set of records showing abstracts of title: The first point made against same was that there was

no recital in the order that the board had found that "in its opinion the interest of the county would be subserved thereby." This is a finding they must make before they may proceed. It is therefore jurisdictional, and it is a familiar rule in this state that the jurisdictional facts must appear from the recitals of the minutes or else the order has no validity. *Hinton* v. *Perry County,* 84 Miss. 546; *Bolivar County* v. *Coleman,* 71 Miss. 832. Counsel say rather plausibly that the omitted recitals were merely of a mental state, and that such is not of the facts such as the law insists upon. But nevertheless the mental conclusions must have existed, and the existence thereof should be made to appear, and inasmuch as presumptions do not aid such an order it would seem to follow as a logical result of the rule first cited that the recitals of the said jurisdictional matter should appear, from the minutes, for if not, they can be imported therein only by presumption, which latter we have said are not available to support an order of the board on jurisdictional matters. The rule is well understood now and is easy to follow. It could have been done in well understood terms easy to follow. It could have been done in this case easily if, as a matter of fact, the board did so find, and there is no occasion for engrafting upon it an exception which can serve no other purpose than to confuse a good and sound rule and to make it the basis for insistence upon other and further exceptions. So far as the order shows, the board may have done it with some other motive than to subserve the best interest of the county, and if their judgment and finding was that such action would subserve the best interest of the county they should go on record as the statute recites. Why should the law aid by presumption here, in this particular case when the rule is that it does not on these jurisdictional matters.

It is not necessary, however, to spend any time on the foregoing point, because it must be clear that on the second point of attack on this order the holding must be that the order is insufficient. It will be observed that the bill alleges and the demurrer admits: "That no plans or specifications for the doing of said work had been made and filed by the said board in that it is not shown what particular system of abstract making is to be used and complainant avers that there are various and different systems for the making of abstracts, all considered by their sponsers as being complete, and some systems are much more valuable and much more difficult to make than others and are much more convenient and usable when completed than others. The said order, or said invitation for bids would be merely or when to be completed. It does not state whether the contract price is to be paid in installments or whether on completion. It does not state what bond is to be required if paid in installments conditioned upon the completion of said work. And complainant avers in short that there is nothing definite or specific upon which any intelligent bid may be made for said contract, and that any bid thereon would be in accordance with said order, or said invitation for bids would be merely a matter lying within the mind of the bidders as to the detail of the performance of the contract and as to the specifications of the abstract books, when made and completed."

Under section 361, Code 1906, it is provided that "All contracts by the board of supervisors for any public work not otherwise specifically provided for where the amount of the contract shall exceed fifty dollars before the notice shall be posted or published, the plans and specifications for the work shall be filed with the clerk and there remain." Public work is every species and character of work done for the public and for which the taxpaying citizens are liable. 32 Cyc. 1256.

Since, therefore, this is public work and no plans and specifications were made or adopted and on file and it being alleged in the bill and confessed by the demurrer that same would cost "anywhere from twenty-five to fifty thousand dollars," this alone would seem to dispose of this matter. Counties in awarding contracts and making expenditures for public work must strictly observe the statutory requirements. *Leflore County* v. *Cannon,* 81 Miss. 334.

But even if there were no plans and specifications required, the order and notice for bids is void for indefiniteness. See 15 C. J., page 550, par. 244; *Thomas* v. *Board,* 79 So. 179, (3); *Jones Bros. Hardware Company* v. *Erg,* 13 L. R. A. 353, and notes. We call particular attention to this last case as its opinion contains a resume of the reasons why the work to be done must be definitely described so as the exact basis of comparison of bids may be made, etc. We can add nothing to the above quoted allegations of the bill in this case. See also sections 362 and 369, Code 1906.

But counsel contend that these laws do not apply to the procuring of an abstract as such is not the kind of public work contemplated by said laws; that abstracts can be made only by attorneys and that attorneys are not permitted to compete by advertisement. The statute is "all contracts by the board of supervisors," etc. The court is therefore by counsel invited to engraft another exception, and in behalf of lawyers giving them some special privilege, we think no authority can be found for such an exception, and we believe the want of any substantial basis for it, to be applied as counsel suggests, is too apparent to require discussion in view of the consistent scheme of our laws on this matter of public contracts for any public work—all public work. We can well visualize the coldness of the reception such a proposition would receive in a Mississippi legislature, and legislation has covered this case. All these statutes

as to public contracts and public work are *in part materia.*

The above points it would seem are entirely sufficient for an affirmance, and therefore we will not pursue those further matters set out in the bill.

ETHRIDGE, J., delivered the opinion of the court.

The board of supervisors of Harrison county entered the following order upon its minutes:

"Ordered that the clerk give notice inviting bids for the sale of contract for furnishing to Harrison county, Miss., a complete set of records showing abstracts of title to all the lands situated within Harrison county."

On the same day the board also entered the following order:

"Ordered that the clerk give notice inviting bids for the sale of contract for furnishing a complete family name index to all the land records of Harrison county and the furnishing of the books therefor."

The clerk gave the notices required, and the appellee filed a bill for injunction in the chancery court to prevent the board from entering the contracts. The county demurred to the bill on the following grounds:

'1) There is no equity in the bill of complaint.

(2) The bill of complaint does not state facts that would warrant an injunction.

(3) The bill of complaint on its face shows that the board of supervisors did nothing but what it had a right under the law to do, and an injunction will not lie.

(4) Bill of complaint is bad for duplicity, in that it seeks to enjoin two orders of the board of supervisors, to wit, order for making of contract, and order for purchase of family index, and is therefore multifarious.

The court overruled the demurrer and granted an appeal.

It is the contention of the appellant that section 320, Code of 1906 (section 3693, Hemingways Code), gives the board of supervisors power to either purchase or have made a complete abstract book of title to land in the county, and that this is not such a contract as requires to be advertised and to have specifications prepared and filed with the clerk. The appellee contends that the specifications must be filed before the contract is let or advertised, and that, if no specifications were filed, the board had no right to let the said contract. The appellee also contends that, inasmuch as the order does not recite that it is the opinion of the board that the interest of the county will be subserved thereby, the order is void because this is jurisdictional. He also contends that there is no law to justify the entry of the second order.

Sections 320 and 321, Code of 1906 (sections 3693 and 3694, Hemingway's Code), read as follows:

"320. The board of supervisors of any county may, when in its opinion the interest of the county would be subserved thereby, procure, by purchase, or have made, a complete abstract of titles to land in the county, and may provide all books necessary for the purpose, and the costs thereof shall be paid out of the county treasury. Such abstracts, when purchased or made, shall be kept in the office of the chancery clerk of the county as a public record.

"321. The board of supervisors may provide for an index of conveyances, wills, decrees, and judgments affecting lands, by land numbers, and pay the expenses thereof out of the county treasury."

We do not think that it is necessary for the board to recite in its order that it is of the opinion that the interest of the county will be subserved thereby to confer jurisdiction on the board. Wherever facts must be recited before the board is authorized to act, or where facts must exist before they are authorized to act, as

a condition precedent to their acting, the recital is necessary to show jurisdiction, but where an opinion, or mental state, is used as in the present statute, it is not jurisdictional, but is optional with the board; in other words, the provision of the statute "when in its opinion the interest of the county would be subserved thereby" is put in the statute to show discretion and prevent the statute from being mandatory.

We think that section 361, Code of 1906 (section 3734, Hemingway's Code), is not applicable to the present contract, or to contracts to furnish abstracts, because the making of an abstract requires a high degree of legal skill and knowledge and involves the element of personal confidence. But few people are competent to make an abstract of titles, and an abstract made by many people would be wholly valueless because of the lack of the necessary legal skill. This view has been held for many years by the attorney-general, who is by law the legal advisor of the board of supervisors and certain other public officers. In 1910 the attorney-general in an opinion to Yazoo county held that the board of supervisors might employ a competent person to make an abstract without advertising for bids as provided by section 361 of the Code, saying:

"I beg to advise that in my opinion this is not such a contract as is contemplated by section 361 of the Mississippi Code of 1906, and the board of supervisors need not advertise for bids or let the contract to the lowest bidder." Opinions of Attorney-General, 1909-1911, p. 14; also Attorney-General's Reports, 1905-1907, p. 150; Attorney-General's Reports, 1907-1909, p. 340.

In 1914 the attorney-general, in an opinion to the Governor, held that an employment of an accountant to audit the county books involved necessarily personal skill and trust and need not be let to the lowest bidder, and that the board could select the person most competent and suited to execute the trust.

We are of the opinion that the board did not need to file specifications for an abstract with the clerk, because it would be practically impossible to specify each thing to be done in making an abstract of the titles of the county. The contract to be entered between the board and the person employed to make the abstract would be entered upon the minutes with as much particularity as reasonably possible and would determine the work to be done.

In regard to the second order it is not perfectly clear from the order, nor from the bill, exactly what was meant to be done, but we assume from the order that the family names to be indexed with reference to conveyances was to be a part of an abstract of titles, and that its purpose was to supply information as to those conveyances where property was conveyed to a woman by one name, who after marrying would convey the property by another name, so as to make it an easy matter to trace titles. If the index proposed was for this purpose, and it was to be a part of, or used in connection with, the abstract, we think the board would have the power to contract for such a record as a part of the abstract, but, if the purpose of the board was to make a record of the names and families of the county apart from a proper abstract book or books, it would be unauthorized or improper. As the case must be reversed on the first ground mentioned in this opinion, we will reserve this question for the consideration of the court on the remand of the cause, where pleadings and evidence may bring out more clearly the purpose of this order.

*Reversed and remanded.*